# William Schuette & Co., Appellant, *v.* Inland Coal Co.

*Appeals—Assignments of error—Points—Irrelevant points.*
1. If a decision of one of the points raised on an appeal determines the entire controversy, ordinarily no other will be considered.

*Contract—Construction—Intention of parties.*
2. A contract is always to be construed as to determine what the parties intended by the language they used. Hence, where three or more constructions are possible, but the parties agree that one of them was not intended, it will be rejected by the court in determining what is the real meaning of the contract.

Argued September 26, 1921. Appeals, Nos. 40 and 41, Oct. T., 1921, by William Schuette & Co., a corporation, from order of C. P. Westmoreland Co., May T., 1918, No. 61, making absolute rule for interpleader, in case of William Schuette & Co. v. Inland Coal Co., and from judgment on verdict for plaintiff in the interpleader between Geo. W. Swank, Receiver of Hess Bros., v. William Schuette & Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule for interpleader between Geo. W. Swank, receiver of Hess Brothers as plaintiff, and William Schuette & Co., as defendant.

Rule absolute. William Schuette & Co. appealed.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff in the interpleader for $2,236.33. Defendant in the interpleader appealed.

*Error assigned* in No. 40, Oct. T., 1921, was order making absolute rule for interpleader.

*Errors assigned* in No. 41, Oct. T., 1921, were various instructions, quoting them.

*R. B. Ivory,* with him *Williams, Wegley & Doran,* for appellant.

*Charles C. Greer,* with him *Marker & Hollingsworth,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1922:

William Schuette & Company, the appellant in these cases, having sold and delivered to Hess Brothers two carloads of lumber, for which payment had not been made, refused to make further deliveries unless the latter would give and the Inland Coal Company would accept the following order, to which requirement each assented:

"Johnstown, Pa., October 4th, 1917.
"Inland Coal Company,
    "Greensburg, Pa.

"Please pay to William Schuette & Company of Pittsburgh, Pa., all invoices for lumber delivered on the ground by them to us at Saxmon, Pa., less freight and demurrage charges. Payments to be made on the 10th of each month for all lumber received during the previous month, except that the amount of 10 per cent is to be deducted from net amount from the said monthly remittance to be held by you until thirty (30) days after the last lumber is received, at which time said balances are to be paid in full.

"Said payments to apply as a credit on contract between Inland Coal Company and Hess Brothers as of July 30th, 1917, and that said lumber shall pass to the ownership of the Inland Coal Company.

"HESS BROTHERS,

"Per S. H. Hess."

"The above order is hereby accepted and we hereby promise to pay same.

"Accepted:

"INLAND COAL COMPANY,

"by G. H. Francis."

Subsequently eight additional carloads were delivered, five of which were paid for by the Inland Coal Company, less the reserved 10 per cent, the other three not being due at the time Hess Brothers was adjudicated a bankrupt, and George W. Swank, appellee in the second of the above cases, was appointed receiver of the estate. At this time, which was within four months after the delivery of the two carloads first above referred to, the Inland Coal Company was still indebted for the five carloads, and the purchase price thereof was claimed by both appellant and the receiver. Subsequently the former sued the Inland Coal Company to recover the value of the five carloads, and it thereupon petitioned for leave to pay the money into court and that an issue be framed between the rival claimants, to determine which of them was entitled to the fund. An order was made accordingly, resulting ultimately in a final judgment for the receiver for the value of the first two carloads, and for appellant, for the value of the other three; whereupon only the latter appealed, and hence our inquiry is limited to determining whether the court below erred as respects the two carloads.

The two appeals raise three questions: (1) Was an issue properly awarded in view of the alleged fact that the Inland Coal Company obligated itself to pay appellant the value of the two carloads, and hence was not

a mere stakeholder?  Even if it were otherwise sustainable, this contention falls because of our conclusion, in deciding the third question, that the coal company was not so obligated.  (2) Did the court below err in submitting to the jury the question as to whether or not, under the facts proved, a preference forbidden by the Bankrupt Act would result, if the value of the two carloads was paid to appellant.  This also need not be considered, since our answer to the third question determines appellant never was entitled to their value.  (3) "An accepted order reads 'Pay......all invoices for lumber delivered on ground by them to us at Saxman, etc.'  Can the court say that this only covers lumber delivered after the date of the order?"

The answer to this final question, which, as stated, concludes the others also, requires an interpretation of the agreement above quoted, which, it will be observed, does not specifically refer to the two carloads, the subject of this dispute.  It requests the Inland Coal Company to pay appellant "all invoices of lumber delivered on the ground by them to us at Saxman, Pa."  The past tense being used, this clause, standing alone, might be held to apply to the two carloads and not to the others, but to so decide would antagonize the contentions of both parties.  The agreement proceeds that "payments [are] to be made on the 10th of each month for all lumber received during the preceding month," which naturally refers to lumber not yet delivered; moreover, the order concludes, that when paid for, title to "said lumber shall pass to the ownership of the Inland Coal Company."  This is expressive of a future fact only, and excludes the idea that it refers to the two carloads, since title thereto had passed from appellant long before the agreement was made.  We conclude, therefore, that the agreement and acceptance did not include the value of the two carloads, the disposition of which is the subject of these appeals.

The order awarding the issue, and the judgment following the trial thereof, is each affirmed.